**In re the Marriage of Margaret Louise RUONA, Petitioner, Appellant,**

v.

**Robert Charles RUONA, Respondent.**

**No. C0-86-349.**

Court of Appeals of Minnesota.

July 22, 1986.

Jack S. Jaycox, Constantine J. Gekas, Jack S. Jaycox Law Office, Ltd., Bloomington, for appellant.

William E. Haugh, Jr., Collins, Buckley, Sauntry & Haugh, St. Paul, for respondent.

Considered and decided by FORSBERG, P.J., and SEDGWICK and RANDALL, JJ., with oral argument waived.

## OPINION

FORSBERG, Judge.

This is an appeal from an order affirming a referee's order increasing child support to an amount less than provided in the statutory guidelines. We reverse and remand.

## FACTS

Appellant Margaret and respondent Robert Ruona were divorced by judgment and decree dated May 26, 1981. At the time of the decree, they had two minor children, Brian, now 18, and Melanie, now 14. The decree ordered joint physical custody, with each parent having an equal period of primary custody, based on a yearly rotation.

The decree directed that Margaret would pay $100 per month child support when Robert had custody, and Robert would pay $300 per month when Margaret had custody. The trial court found Robert's net monthly income was $1,715. The court found Margaret's gross income was approximately $10,000 per year. The support provision was based on an agreement of the parties.

The trial court in January, 1983, altered support payments to require respondent alone to pay support, in the amount of $100 per month. The court's order stated this alteration was by agreement of the parties. The order was a modification in form only, as Robert's *net* obligation under the prior order, over the two-year period required to equalize custody, was also $100 per month. No figures were submitted at the 1983 hearing as to net income for either party, nor for expenses attributable to the children.

The parties shortly thereafter altered the custody arrangement, with Robert taking custody of Brian and Margaret custody of Melanie. This change from joint to split custody was approved by a court order on July 31, 1984. There was no modification of child support.

In July, 1985, Margaret moved for an increase in child support. She submitted an affidavit stating her gross income for 1984 was $10,251, and her net monthly income $687, plus a $200 monthly payment from Robert as her share of the contract payments on the former homestead. She listed the monthly living expenditures for herself and Melanie as $1386, including an "estimate of contemplated expenditures" of $355 per month.

Robert stated in his Answers to Interrogatories that his net monthly income was $2,140. He estimated monthly expenses of $3,321. The trial court found that Robert, in addition to his salary, received $488 per month on the sale of the homestead, after paying Margaret her share of the payments.

The trial court ordered an increase in support to $200 per month. It provided a number of findings in support of the increase, but did not apply the guidelines to the income figure. The court rejected the monthly expenses submitted by Margaret, but made the following finding:

> That the child needs additional child support can be stated by the Court based on experience in costs, the income of the parties, and the age of the child.

The court noted the lack of sufficient information presented to it for determination of support.

## ISSUES

1. Did the trial court err in measuring the change in circumstances required for modification from a previous order rather than from the entry of the decree?

2. Was the trial court's modification order supported by adequate findings?

## ANALYSIS

*1. Measuring "substantial change in circumstances"*

■ In order to modify child support, the trial court must find a substantial change in circumstances which makes the previous support order unfair and unreasonable. Minn.Stat. § 518.64, subd. 2 (1984).

■ Although the trial court made an express finding that a change in circumstances should be measured from the January, 1983 order, this finding was not prejudicial to appellant. Since the trial court did increase support, it must have found a "substantial change in circumstances." Minn.Stat. § 518.64, subd. 2. Therefore, as to appellant's position, it is irrelevant which date the court used. Respondent does not challenge the increase in support; more-

over, he stood to benefit from use of the later date because his net monthly income was increasing over this period.

### 2. *Adequacy of the findings*

█ In considering a motion for modification of support, the court must make findings as to the present net incomes of the parties, and the needs of the children, and these must support a conclusion that the changes in these factors make the terms of the existing support order unfair and unreasonable. *Moylan v. Moylan*, 384 N.W.2d 859, 864–65 (Minn.1986). The trial court here made no finding as to the needs of the child in Margaret's custody; the court concluded that the child needed additional support "based on experience in costs, the incomes of the parties, and the age of the child." The court did not expressly conclude that there was a substantial change in circumstances making the order unfair and unreasonable.

The court's findings were not adequate to support a modification order, or the amount awarded. We must remand for findings in accordance with the *Moylan* opinion.

### DECISION

The trial court erred in modifying child support without findings of fact on the needs of the child, and the "substantial change," if any, in the circumstances of the parties, as well as findings on the statutory factors identified in *Moylan*.

Reversed and remanded.